# EXHIBIT A

1    Brian E. Hawes (SBN 104519)
     Law Offices of Brian E. Hawes
2    1900 S. Norfolk Street, Suite 350
     San Mateo, CA 94403
3    Telephone: (650) 320-1616
     Facsimile: (650) 763-8745
4    haweslawfirm@gmail.com

5    Attorney for Plaintiff
     Roberta Serrano
6

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

9                             UNLIMITED JURISDICTION

10

11   ROBERTA SERRANO,                    Case No.  18CV 325088

12        Plaintiff,
                                         COMPLAINT FOR DAMAGES AND
13   vs.                                 DEMAND FOR JURY TRIAL

14   G4S SECURE SOLUTIONS (USA) INC.;    Causes of Action:
     and DOES 1 through 100, inclusive,
15                                       1.  Violation of Government Code
          Defendants.                        Section 12940 – Discrimination
16                                           Based on Sex
                                         2.  Violation of Government Code
17                                           Section 12940 – Wrongful Discharge
                                             Based on Sex
18                                       3.  Violation of Government Code
                                             Section 12940 – Discrimination
19                                           Based on Physical Disability
                                         4.  Violation of Government Code
20                                           Section 12940 – Wrongful Discharge
                                             Based on Physical Disability
21                                       5.  Violation of Government Code
                                             Section 12940 – Sexual Harassment
22                                       6.  Violation of Government Code
                                             Section 12940 – Sexual Hostile Work
23                                           Environment
                                         7.  Violation of Government Code
24                                           Section 12940 – Failure to
                                             Accommodate
25                                       8.  Violation of Government Code
                                             Section 12940 – Interactive Process
26                                       9.  Termination in Violation of Public

27                                          1

28   Roberta Serrano v. G4S Secure   Complaint for Damages and Demand for Jury Trial
     Solutions (USA) Inc., et al.

1

2

**Policy**
**10. Intentional Infliction of Emotional Distress**

3

4

## GENERAL ALLEGATIONS

5   1.   At all times mentioned in this complaint, defendant G4S Secure Solutions (USA) Inc.

6   (hereinafter "Secure Solutions") was a corporation licensed to do business and doing business in Santa

7   Clara County, California.

8   2.   Defendants Does 1 - 100 are fictitiously named defendants whose names and identities

9   are presently unknown to plaintiff. Plaintiff will amend the complaint to allege the true names and

10   capacities of the fictitiously named defendants and the charging allegations when the same are

11   ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

12   defendants is responsible in some manner for the occurrences alleged in this complaint, and that

13   plaintiff's damages as herein alleged were proximately caused by those defendants.

14   3.   At all times mentioned in this complaint, defendants Does 1 through 100 were the

15   owners, agents, servants, and/or employees of their codefendants, and in doing the things hereinafter

16   alleged were acting in the scope of their authority as owners, agents, servants, and/or employees, and

17   with the permission and consent of their codefendants.

18   4.   At all times mentioned in this complaint, Does 1 through 100 were persons and/or

19   business entities acting as plaintiff's employers or were persons and/or business entities acting on

20   behalf of plaintiff's employers.

21   5.   At all times mentioned in this complaint, the named defendants and defendants Does 1

22   through 100 were employers within the definition of California law, and plaintiff was at all times

23   herein an employee of said defendants within the definition of California law.

24   6.   In approximately March 2016 plaintiff was hired by defendant Secure Solutions to

25   perform security services. After defendant Secure Solutions learned of plaintiff's pregnancy defendant

26   Secure Solutions discriminated against, sexually harassed, and created a sexual hostile workplace for

27   2

28   Roberta Serrano v. G4S Secure       Complaint for Damages and Demand for Jury Trial
Solutions (USA) Inc., et al.

1  plaintiff. Among other things, in or about May 2016 defendant Secure Solutions told plaintiff that she

2  would need to provide defendant with two-weeks' notice before going to the doctor. Plaintiff was

3  called into the office for allegedly going over the head of her supervisor. Plaintiff was told she could

4  not take time off to see her doctor and that if she did, she would have to make up the time. Plaintiff

5  was admonished for being 17 seconds late to work. Plaintiff was paid on an hourly basis rather than on

6  a salary basis. Defendant Secure Solutions created a sexually hostile work environment for plaintiff to

7  the point that plaintiff's doctor took her off work early because of the stress and for the health of both

8  plaintiff and the baby. Plaintiff was also denied FMLA and/or CFRA leave.

9      7.     Plaintiff's last day of work was May 31, 2016. However, defendant Secure Solutions

10  continued to harass plaintiff by falsely reporting to the EDD her last day of work so that plaintiff was

11  unable to receive timely state disability payments.

12      8.     Eventually, in approximately April/May 2017 defendant Secure Solutions terminated

13  plaintiff from her employment.

14      9.     Plaintiff suffered anxiety, depression, and severe emotional distress as a result of

15  defendant's conduct.

16                          **FIRST CAUSE OF ACTION**

17                  **(Violation of Government Code Sections 12940 et seq.)**

18                  **(Discrimination Against Plaintiff Based on Sex)**

19      10.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 9, as

20  applicable, as if set forth in full.

21      11.    At all times herein mentioned, Government Code sections 12940 et seq. were in full

22  force and effect and were binding on defendants.  These sections prohibit defendants from

23  discriminating against any employee on the basis of her sex.  Government Code section 12926 defines

24  "sex" to include "pregnancy, childbirth, or medical conditions related to pregnancy or childbirth."

25      12.    In harassing and ultimately terminating plaintiff, defendant discriminated against

26  plaintiff because of her sex (i.e. her pregnancy) as herein alleged, in violation of Government Code

27                                          3

28  Roberta Serrano v. G4S Secure     Complaint for Damages and Demand for Jury Trial
    Solutions (USA) Inc., et al.

1   section 12940.

2       13.     Within the time provided by law, plaintiff filed a complaint with the California

3   Department of Fair Employment and Housing, in full compliance with these sections, and received a

4   right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted

5   her administrative remedies.

6       14.     As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

7   and continues to sustain substantial losses in earnings and other employment benefits.

8       15.     As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

9   and continues to suffer emotional distress and mental pain and anguish, all to her damage in a sum

10  according to proof.

11      16.     In doing the acts herein alleged, defendant acted with oppression, fraud or malice and in

12  conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

13  amount according to proof.

14      17.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

15  which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

16  and fees and prays leave of court to amend this complaint when the amounts are more fully known.

17                          **SECOND CAUSE OF ACTION**

18                  **(Violation of Government Code Sections 12940 et seq.)**

19                  **(Wrongful Discharge of Plaintiff Based on Sex)**

20      18.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 17, as

21  applicable, as if set forth in full.

22      19.     At all times herein mentioned, Government Code sections 12940 et seq. were in full

23  force and effect and were binding on defendants. These sections prohibit defendants from discharging

24  any employee on the basis of her sex. Government Code section 12926 defines "sex" to include

25  "pregnancy, childbirth, or medical conditions related to pregnancy or childbirth."

26

27                                  4

28  Roberta Serrano v. G4S Secure      Complaint for Damages and Demand for Jury Trial
    Solutions (USA) Inc., et al.

20.    Plaintiff's sex (i.e. her pregnancy) was a factor in defendants' decision to harass plaintiff and ultimately terminate her employment in violation of Government Code section 12940.

21.    Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted her administrative remedies.

22.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

23.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered and continues to suffer emotional distress and mental pain and anguish, all to her damage in a sum according to proof.

24.    In doing the acts herein alleged, defendants acted with oppression, fraud or malice and in conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

25.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## THIRD CAUSE OF ACTION

### (Violation of Government Code Sections 12940 et seq.)

### (Discrimination Against Plaintiff Based on Physical Disability)

26.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 25, as applicable, as if set forth in full.

27.    At all times herein mentioned, Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections prohibit defendants from discriminating against any employee on the basis of her physical disability.

28.    Defendants harassed and discriminated against plaintiff because of her physical

5

1 | disability, i.e. her pregnancy, as herein alleged, in violation of Government Code section 12940.

2 |     29.    Within the time provided by law, plaintiff filed a complaint with the California

3 | Department of Fair Employment and Housing, in full compliance with these sections, and received a

4 | right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted

5 | her administrative remedies.

6 |     30.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

7 | and continues to sustain substantial losses in earnings and other employment benefits.

8 |     31.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

9 | and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum

10 | according to proof.

11 |     32.    In doing the acts herein alleged, defendant acted with oppression, fraud or malice and in

12 | conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

13 | amount according to proof.

14 |     33.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

15 | which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

16 | and fees and prays leaves of court to amend this complaint when the amounts are more fully known.

17 | **FOURTH CAUSE OF ACTION**

18 | **(Violation of Government Code Sections 12940 et seq.)**

19 | **(Wrongful Discharge of Plaintiff Based on Physical Disability)**

20 |     34.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 33, as

21 | applicable, as if set forth in full.

22 |     35.    At all times herein mentioned, Government Code sections 12940 et seq. were in full

23 | force and effect and were binding on defendants. These sections prohibit defendants from discharging

24 | any employee on the basis of her physical disability.

25 |     36.    Plaintiff's physical disability, i.e. her pregnancy, was a factor in defendant's decision to

26 | terminate her employment in violation of Government Code section 12940.

27 | 6

1   37.    Within the time provided by law, plaintiff filed a complaint with the California
2   Department of Fair Employment and Housing, in full compliance with these sections, and received a
3   right-to-sue letter, a copy of which is attached hereto as Exhibit 1.  Therefore, plaintiff has exhausted
4   her administrative remedies.

5   38.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained
6   and continues to sustain substantial losses in earnings and other employment benefits.

7   39.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered
8   and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum
9   according to proof.

10   40.    In doing the acts herein alleged, defendant acted with oppression, fraud or malice and in
11   conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an
12   amount according to proof.

13   41.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for
14   which plaintiff seeks recovery.  Plaintiff is personally unaware of the exact amount of these expenses
15   and fees and prays leave of court to amend this complaint when the amounts are more fully known.

16   **FIFTH CAUSE OF ACTION**

17   **(Violation of Government Code Sections 12940 et seq.)**

18   **(Sexual Harassment)**

19   42.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 41, as
20   applicable, as if set forth in full.

21   43.    At all times herein mentioned, Government Code sections 12940 et seq. were in full
22   force and effect and were binding on defendants.  These sections prohibit defendants from harassing
23   any employee on the basis of her sex.

24   44.    Defendants harassed plaintiff because of her sex as herein alleged, in violation of
25   Government Code section 12940.

26   45.    Within the time provided by law, plaintiff filed a complaint with the California

27                                      7

28   Roberta Serrano v. G4S Secure      Complaint for Damages and Demand for Jury Trial
Solutions (USA) Inc., et al.

1 | Department of Fair Employment and Housing, in full compliance with these sections, and received a

2 | right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted

3 | her administrative remedies.

4 |     46.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

5 | and continues to sustain substantial losses in earnings and other employment benefits.

6 |     47.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

7 | and continues to suffer emotional distress and mental pain and anguish, all to her damage in a sum

8 | according to proof.

9 |     48.    In doing the acts herein alleged, defendant'sacted with oppression and/or malice and in

10 | conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

11 | amount according to proof.

12 |     49.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

13 | which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

14 | and fees and prays leave of court to amend this complaint when the amounts are more fully known.

15 | **SIXTH CAUSE OF ACTION**

16 | **(Violation of Government Code Sections 12940 et seq.)**

17 | **(Sexual Hostile Work Environment)**

18 |     50.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 49, as

19 | applicable, as if set forth in full.

20 |     51.    At all times herein mentioned Government Code sections 12940 et seq. were in full

21 | force and effect and were binding on defendants. These sections prohibit defendants from creating a

22 | sexual hostile work environment for any employee.

23 |     52.    Defendants' unwelcome sexual conduct and sexual harassment as alleged herein was so

24 | severe and pervasive that it created a hostile work environment, in violation of Government Code

25 | section 12940.

26 |     53.    Within the time provided by law, plaintiff filed a complaint with the California

27 | 8

28 | Roberta Serrano v. G4S Secure    Complaint for Damages and Demand for Jury Trial
Solutions (USA) Inc., et al.

1 | Department of Fair Employment and Housing, in full compliance with these sections, and received a

2 | right-to-sue letter, a copy of which is attached hereto as Exhibit 1.  Therefore, plaintiff has exhausted

3 | her administrative remedies.

4 |     54.   As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

5 | and continues to sustain substantial losses in earnings and other employment benefits.

6 |     55.   As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

7 | and continues to suffer emotional distress and mental pain and anguish, all to her damage in a sum

8 | according to proof.

9 |     56.   In doing the acts herein alleged, defendant acted with oppression and/or malice and in

10 | conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

11 | amount according to proof.

12 |     57.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

13 | which plaintiff seeks recovery.  Plaintiff is personally unaware of the exact amount of these expenses

14 | and fees and prays leave of court to amend this complaint when the amounts are more fully known.

15 | **SEVENTH CAUSE OF ACTION**

16 | **(Violation of Government Code Sections 12940 et seq.)**

17 | **(Failure to Accommodate Plaintiff)**

18 |     58.   Plaintiff realleges and incorporates herein by reference paragraphs 1 through 57, as

19 | applicable, as if set forth in full.

20 |     59.   At all times herein mentioned Government Code sections 12940 et seq. were in full

21 | force and effect and were binding on defendants.  These sections prohibit defendants from failing to

22 | make reasonable accommodation for the known physical disability of an employee.

23 |     60.   Defendants failed and refused to make reasonable accommodation for the physical

24 | disability of plaintiff, i.e. her pregnancy, in violation of Government Code section 12940.

25 |     61.   Within the time provided by law, plaintiff filed a complaint with the California

26 | Department of Fair Employment and Housing, in full compliance with these sections, and received a

27 | 9 ·

28 | Roberta Serrano v. G4S Secure    Complaint for Damages and Demand for Jury Trial
Solutions (USA) Inc., et al.

1  right-to-sue letter, a copy of which is attached hereto as Exhibit 1.  Therefore, plaintiff has exhausted

2  her administrative remedies.

3      62.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

4  and continues to sustain substantial losses in earnings and other employment benefits.

5      63.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

6  and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum

7  according to proof.

8      64.    In doing the acts herein alleged, defendant acted with oppression and/or malice and in

9  conscious disregard of plaintiff' rights, and plaintiff seeks punitive and exemplary damages in an

10  amount according to proof.

11      65.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

12  which plaintiff seeks recovery.  Plaintiff is personally unaware of the exact amount of these expenses

13  and fees and prays leave of court to amend this complaint when the amounts are more fully known.

14                          **EIGHTH CAUSE OF ACTION**

15              **(Violation of Government Code Sections 12940 et seq.)**

16              **(Failure to Accommodate Plaintiff - Interactive Process)**

17      66.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 65, as

18  applicable, as if set forth in full.

19      67.    At all times herein mentioned, Government Code sections 12940 et seq. were in full

20  force and effect and were binding on defendants.  These sections prohibit defendants from failing to

21  engage in a timely, good faith, interactive process with an employee to determine effective reasonable

22  accommodations.

23      68.    Defendants failed and refused to engage in a timely, good faith, interactive process with

24  plaintiff to determine effective reasonable accommodations for plaintiff's physical disability, i.e. her

25  pregnancy, in violation of Government Code section 12940.

26      69.    Within the time provided by law, plaintiff filed a complaint with the California

27                                      10

28  | Roberta Serrano v. G4S Secure     Complaint for Damages and Demand for Jury Trial
   | Solutions (USA) Inc., et al.

1  Department of Fair Employment and Housing, in full compliance with these sections, and received a

2  right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted

3  her administrative remedies.

4       70.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

5  and continues to sustain substantial losses in earnings and other employment benefits.

6       71.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

7  and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum

8  according to proof.

9       72.    In doing the acts herein alleged, defendant acted with oppression and/or malice and in

10  conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

11  amount according to proof.

12       73.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

13  which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

14  and fees and prays leave of court to amend this complaint when the amounts are more fully known.

15  **NINTH CAUSE OF ACTION**

16  **(Termination in Violation of Public Policy – California Constitution Article I, section 8)**

17       74.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 73, as

18  applicable, as if set forth in full.

19       75.    California Constitution Article I, section 8 provides in relevant part that "A person may

20  not be disqualified from entering or pursuing a business, profession, vocation, or employment because

21  of sex . . ."

22       76.    California Constitution Article I, section 8 embodies fundamental, substantial and well-

23  established public policies of the State of California.

24       77.    In discriminating against and discharging plaintiff because of her sex, defendants

25  violated the fundamental, substantial, and well-established public policies embodied in California

26  Constitution Article I, section 8.

27                                            11

28

78.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

79.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

80.    In doing the acts herein alleged, defendant acted with oppression, fraud or malice and in conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

81.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses and fees and prays leaves of court to amend this complaint when the amounts are more fully known.

## TENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

82.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 81, as applicable, as if set forth in full.

83.    Defendant's conduct as alleged herein was intentional and malicious and done for the purpose of causing, or with reckless disregard of the probability of causing, plaintiff to suffer severe emotional distress and mental pain and anguish, and was done with a wanton and reckless disregard of the consequences to plaintiff.

84.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered and continues to suffer severe emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

85.    In doing the acts herein alleged, defendant acted with oppression, fraud or malice and in conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

12

1  **PRAYER FOR RELIEF**

2  WHEREFORE, plaintiff requests relief as follows:

3     1.   For compensatory damages, including lost wages and employment benefits according to

4  proof;

5     2.   For mental and emotional distress damages;

6     3.   For general and special damages as may be appropriate;

7     4.   For an award of interest, including prejudgment interest, at the legal rate;

8     5.   For all actual, consequential, and incidental losses and damages, according to proof;

9     6.   For punitive and exemplary damages;

10     7.   For an award of reasonable attorneys' fees;

11     8.   For an award of reasonable attorneys' fees pursuant to California Government Code

12  section 12965(b);

13     9.   For costs of suit incurred herein; and,

14     10.   For such other and further relief as the Court deems appropriate.

15  Dated: March /6, 2018                       Law Offices of Brian E. Hawes

16

17                               By:

18                                     Brian E. Hawes, Attorney for
                                   Plaintiff Roberta Serrano

19

20  **DEMAND FOR JURY TRIAL**

21  Plaintiff hereby demands a trial by jury of the causes of action and claims asserted herein.

22

23  Dated: March /6, 2018                       Law Offices of Brian E. Hawes

24

25                               By:

26                                     Brian E. Hawes, Attorney for
                                   Plaintiff Roberta Serrano

27                             13

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

March 21, 2017

Roberta Serrano
246 Fair Oaks Avenue
Mountain View, California 94040

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 276607-279557
Right to Sue: Serrano / G4S Secure Solutions (USA) Inc.

Dear Roberta Serrano,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 21, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

Enclosures

cc:

 STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR
DIRECTOR KEVIN KISH

March 15, 2018

Roberta Serrano
246 Fair Oaks Avenue
Mountain View, California 94040

RE:  **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 201803-01581016
     Right to Sue: Serrano / G4S Secure Solutions (USA) Inc.

Dear Roberta Serrano,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective March
15, 2018 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
G4S SECURE SOLUTIONS (USA) INC.; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ROBERTA SERRANO

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Date: 8/22/18
Time: 105pm
By: CMC    que #101

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: <br> (El nombre y dirección de la corte es): <br> Santa Clara Superior Court <br> 191 N. First Street, San Jose, CA 95113 | CASE NUMBER: <br> (Número del Caso): <br> 18CV325088 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Law Offices of Brian E. Hawes, 1900 S. Norfolk Street, Suite 350, San Mateo, CA 94403 (650) 320-1616

| DATE: <br> (Fecha) | Clerk, by <br> (Secretario) | , Deputy <br> (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
   G4S SECURE SOLUTIONS (USA) INC.
3. ☒ on behalf of (specify):

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

18CV325088
Santa Clara – Civil

**CIVIL LAWSUIT NOTICE**

**ATTACHMENT CV-5012**E. Fang

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER:   **18CV325088**

## PLEASE READ THIS ENTIRE FORM

_PLAINTIFF_ (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

_DEFENDANT_ (The person sued): **You must do each of the following to protect your rights:**

1. **You must file a written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. **You must serve by mail** a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. **You must attend the first Case Management Conference.**

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

_RULES AND FORMS:_   You must follow the California Rules of Court and the Superior Court of California, County of < _CountyName_ > Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
  Zayner, Theodore C.
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_CASE MANAGEMENT CONFERENCE (CMC):_   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**You or your attorney must appear at the CMC.** You may ask to appear by telephone – see Local Civil Rule 8.

| | | |
|---|---|---|
| Your Case Management Judge is:   **Theodore Zayner** | Department: | **6** |
| The 1st CMC is scheduled for:  (Completed by Clerk of Court) | | |
| Date: **6/26/2018**   Time: **3:45 pm**   in Department: | | **6** |
| The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed) | | |
| Date: _____   Time: _____   in Department: | | |

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_   If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CV-5012 REV 08/01/16        **CIVIL LAWSUIT NOTICE**        Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Brian E. Hawes (SBN 104519)<br>Law Offices of Brian E. Hawes<br>1900 S. Norfolk Street, Suite 350<br>San Mateo, CA 94403 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: (650) 320-1616   FAX NO.: (650) 763-8745
ATTORNEY FOR *(Name):* Plaintiff Roberta Serrano

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:
Roberta Serrano v. G4S Secure Solutions (USA) Inc., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>18CV325088 |
|---|---|---|
| ✔ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
✔ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✔ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify):* 10
5. This case ☐ is  ✔ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 16, 2018

Brian E. Hawes
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

1  Brian E. Hawes (SBN 104519)
   Law Offices of Brian E. Hawes
2  1900 S. Norfolk Street, Suite 350
   San Mateo, CA 94403
3  Telephone: (650) 320-1616
   Facsimile: (650) 763-8745
4  haweslawfirm@gmail.com

5  Attorney for Plaintiff
   Roberta Serrano
6

7

8          SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

9                         UNLIMITED JURISDICTION

10

11  ROBERTA SERRANO,                    Case No.  18CV 325088

12       Plaintiff,
                                        COMPLAINT FOR DAMAGES AND
13  vs.                                 DEMAND FOR JURY TRIAL

14  G4S SECURE SOLUTIONS (USA) INC.;    Causes of Action:
    and DOES 1 through 100, inclusive,
15                                      1.  **Violation of Government Code**
         Defendants.                        **Section 12940 – Discrimination**
16                                          **Based on Sex**
                                        2.  **Violation of Government Code**
17                                          **Section 12940 – Wrongful Discharge**
                                            **Based on Sex**
18                                      3.  **Violation of Government Code**
                                            **Section 12940 – Discrimination**
19                                          **Based on Physical Disability**
                                        4.  **Violation of Government Code**
20                                          **Section 12940 – Wrongful Discharge**
                                            **Based on Physical Disability**
21                                      5.  **Violation of Government Code**
                                            **Section 12940 – Sexual Harassment**
22                                      6.  **Violation of Government Code**
                                            **Section 12940 – Sexual Hostile Work**
23                                          **Environment**
                                        7.  **Violation of Government Code**
24                                          **Section 12940 – Failure to**
                                            **Accommodate**
25                                      8.  **Violation of Government Code**
                                            **Section 12940 – Interactive Process**
26                                      9.  **Termination in Violation of Public**

27                                  I

28  Roberta Serrano v. G4S Secure     Complaint for Damages and Demand for Jury Trial
    Solutions (USA) Inc., et al.

1

2

**Policy**
**10. Intentional Infliction of Emotional**
**Distress**

3

4

## GENERAL ALLEGATIONS

5    1.    At all times mentioned in this complaint, defendant G4S Secure Solutions (USA) Inc.

6  (hereinafter "Secure Solutions") was a corporation licensed to do business and doing business in Santa

7  Clara County, California.

8    2.    Defendants Does 1 - 100 are fictitiously named defendants whose names and identities

9  are presently unknown to plaintiff. Plaintiff will amend the complaint to allege the true names and

10  capacities of the fictitiously named defendants and the charging allegations when the same are

11  ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

12  defendants is responsible in some manner for the occurrences alleged in this complaint, and that

13  plaintiff's damages as herein alleged were proximately caused by those defendants.

14    3.    At all times mentioned in this complaint, defendants Does 1 through 100 were the

15  owners, agents, servants, and/or employees of their codefendants, and in doing the things hereinafter

16  alleged were acting in the scope of their authority as owners, agents, servants, and/or employees, and

17  with the permission and consent of their codefendants.

18    4.    At all times mentioned in this complaint, Does 1 through 100 were persons and/or

19  business entities acting as plaintiff's employers or were persons and/or business entities acting on

20  behalf of plaintiff's employers.

21    5.    At all times mentioned in this complaint, the named defendants and defendants Does 1

22  through 100 were employers within the definition of California law, and plaintiff was at all times

23  herein an employee of said defendants within the definition of California law.

24    6.    In approximately March 2016 plaintiff was hired by defendant Secure Solutions to

25  perform security services. After defendant Secure Solutions learned of plaintiff's pregnancy defendant

26  Secure Solutions discriminated against, sexually harassed, and created a sexual hostile workplace for

27                                                2

28  Roberta Serrano v. G4S Secure        Complaint for Damages and Demand for Jury Trial
     Solutions (USA) Inc., et al.

1   plaintiff. Among other things, in or about May 2016 defendant Secure Solutions told plaintiff that she

2   would need to provide defendant with two-weeks' notice before going to the doctor. Plaintiff was

3   called into the office for allegedly going over the head of her supervisor. Plaintiff was told she could

4   not take time off to see her doctor and that if she did, she would have to make up the time. Plaintiff

5   was admonished for being 17 seconds late to work. Plaintiff was paid on an hourly basis rather than on

6   a salary basis. Defendant Secure Solutions created a sexually hostile work environment for plaintiff to

7   the point that plaintiff's doctor took her off work early because of the stress and for the health of both

8   plaintiff and the baby. Plaintiff was also denied FMLA and/or CFRA leave.

9        7.     Plaintiff's last day of work was May 31, 2016. However, defendant Secure Solutions

10   continued to harass plaintiff by falsely reporting to the EDD her last day of work so that plaintiff was

11   unable to receive timely state disability payments.

12        8.     Eventually, in approximately April/May 2017 defendant Secure Solutions terminated

13   plaintiff from her employment.

14        9.     Plaintiff suffered anxiety, depression, and severe emotional distress as a result of

15   defendant's conduct.

16                           **FIRST CAUSE OF ACTION**

17              **(Violation of Government Code Sections 12940 et seq.)**

18                **(Discrimination Against Plaintiff Based on Sex)**

19       10.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 9, as

20   applicable, as if set forth in full.

21       11.     At all times herein mentioned, Government Code sections 12940 et seq. were in full

22   force and effect and were binding on defendants. These sections prohibit defendants from

23   discriminating against any employee on the basis of her sex. Government Code section 12926 defines

24   "sex" to include "pregnancy, childbirth, or medical conditions related to pregnancy or childbirth."

25       12.     In harassing and ultimately terminating plaintiff, defendant discriminated against

26   plaintiff because of her sex (i.e. her pregnancy) as herein alleged, in violation of Government Code

27                                 3

28   Roberta Serrano v. G4S Secure     Complaint for Damages and Demand for Jury Trial
    Solutions (USA) Inc., et al.

1 | section 12940.

2 |   13. Within the time provided by law, plaintiff filed a complaint with the California

3 | Department of Fair Employment and Housing, in full compliance with these sections, and received a

4 | right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted

5 | her administrative remedies.

6 |   14. As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

7 | and continues to sustain substantial losses in earnings and other employment benefits.

8 |   15. As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

9 | and continues to suffer emotional distress and mental pain and anguish, all to her damage in a sum

10 | according to proof.

11 |   16. In doing the acts herein alleged, defendant acted with oppression, fraud or malice and in

12 | conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

13 | amount according to proof.

14 |   17. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

15 | which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

16 | and fees and prays leave of court to amend this complaint when the amounts are more fully known.

17 | **SECOND CAUSE OF ACTION**

18 | **(Violation of Government Code Sections 12940 et seq.)**

19 | **(Wrongful Discharge of Plaintiff Based on Sex)**

20 |   18. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 17, as

21 | applicable, as if set forth in full.

22 |   19. At all times herein mentioned, Government Code sections 12940 et seq. were in full

23 | force and effect and were binding on defendants. These sections prohibit defendants from discharging

24 | any employee on the basis of her sex. Government Code section 12926 defines "sex" to include

25 | "pregnancy, childbirth, or medical conditions related to pregnancy or childbirth."

26 |

27 | 4

28 | Roberta Serrano v. G4S Secure    Complaint for Damages and Demand for Jury Trial
Solutions (USA) Inc., et al.

20.     Plaintiff's sex (i.e. her pregnancy) was a factor in defendants' decision to harass plaintiff and ultimately terminate her employment in violation of Government Code section 12940.

21.     Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted her administrative remedies.

22.     As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

23.     As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered and continues to suffer emotional distress and mental pain and anguish, all to her damage in a sum according to proof.

24.     In doing the acts herein alleged, defendants acted with oppression, fraud or malice and in conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

25.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION

### (Violation of Government Code Sections 12940 et seq.)

### (Discrimination Against Plaintiff Based on Physical Disability)

26.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 25, as applicable, as if set forth in full.

27.     At all times herein mentioned, Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections prohibit defendants from discriminating against any employee on the basis of her physical disability.

28.     Defendants harassed and discriminated against plaintiff because of her physical

5

1  disability, i.e. her pregnancy, as herein alleged, in violation of Government Code section 12940.

2      29.    Within the time provided by law, plaintiff filed a complaint with the California

3  Department of Fair Employment and Housing, in full compliance with these sections, and received a

4  right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted

5  her administrative remedies.

6      30.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

7  and continues to sustain substantial losses in earnings and other employment benefits.

8      31.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

9  and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum

10  according to proof.

11      32.    In doing the acts herein alleged, defendant acted with oppression, fraud or malice and in

12  conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

13  amount according to proof.

14      33.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

15  which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

16  and fees and prays leaves of court to amend this complaint when the amounts are more fully known.

17                  **FOURTH CAUSE OF ACTION**

18          **(Violation of Government Code Sections 12940 et seq.)**

19          **(Wrongful Discharge of Plaintiff Based on Physical Disability)**

20      34.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 33, as

21  applicable, as if set forth in full.

22      35.    At all times herein mentioned, Government Code sections 12940 et seq. were in full

23  force and effect and were binding on defendants. These sections prohibit defendants from discharging

24  any employee on the basis of her physical disability.

25      36.    Plaintiff's physical disability, i.e. her pregnancy, was a factor in defendant's decision to

26  terminate her employment in violation of Government Code section 12940.

27                        6

1    37.    Within the time provided by law, plaintiff filed a complaint with the California

2  Department of Fair Employment and Housing, in full compliance with these sections, and received a

3  right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted

4  her administrative remedies.

5    38.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

6  and continues to sustain substantial losses in earnings and other employment benefits.

7    39.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

8  and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum

9  according to proof.

10    40.    In doing the acts herein alleged, defendant acted with oppression, fraud or malice and in

11  conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

12  amount according to proof.

13    41.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

14  which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

15  and fees and prays leave of court to amend this complaint when the amounts are more fully known.

16                              **FIFTH CAUSE OF ACTION**

17                  **(Violation of Government Code Sections 12940 et seq.)**

18                                **(Sexual Harassment)**

19    42.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 41, as

20  applicable, as if set forth in full.

21    43.    At all times herein mentioned, Government Code sections 12940 et seq. were in full

22  force and effect and were binding on defendants. These sections prohibit defendants from harassing

23  any employee on the basis of her sex.

24    44.    Defendants harassed plaintiff because of her sex as herein alleged, in violation of

25  Government Code section 12940.

26    45.    Within the time provided by law, plaintiff filed a complaint with the California

27                                       7

28

1  Department of Fair Employment and Housing, in full compliance with these sections, and received a

2  right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted

3  her administrative remedies.

4      46.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

5  and continues to sustain substantial losses in earnings and other employment benefits.

6      47.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

7  and continues to suffer emotional distress and mental pain and anguish, all to her damage in a sum

8  according to proof.

9      48.    In doing the acts herein alleged, defendant'sacted with oppression and/or malice and in

10  conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

11  amount according to proof.

12      49.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

13  which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

14  and fees and prays leave of court to amend this complaint when the amounts are more fully known.

15                      **SIXTH CAUSE OF ACTION**

16                **(Violation of Government Code Sections 12940 et seq.)**

17                     **(Sexual Hostile Work Environment)**

18      50.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 49, as

19  applicable, as if set forth in full.

20      51.    At all times herein mentioned Government Code sections 12940 et seq. were in full

21  force and effect and were binding on defendants. These sections prohibit defendants from creating a

22  sexual hostile work environment for any employee.

23      52.    Defendants' unwelcome sexual conduct and sexual harassment as alleged herein was so

24  severe and pervasive that it created a hostile work environment, in violation of Government Code

25  section 12940.

26      53.    Within the time provided by law, plaintiff filed a complaint with the California

27                           8

28

1   Department of Fair Employment and Housing, in full compliance with these sections, and received a

2   right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted

3   her administrative remedies.

4       54.     As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

5   and continues to sustain substantial losses in earnings and other employment benefits.

6       55.     As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

7   and continues to suffer emotional distress and mental pain and anguish, all to her damage in a sum

8   according to proof.

9       56.     In doing the acts herein alleged, defendant acted with oppression and/or malice and in

10  conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

11  amount according to proof.

12      57.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

13  which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

14  and fees and prays leave of court to amend this complaint when the amounts are more fully known.

15                              **SEVENTH CAUSE OF ACTION**

16                    **(Violation of Government Code Sections 12940 et seq.)**

17                          **(Failure to Accommodate Plaintiff)**

18      58.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 57, as

19  applicable, as if set forth in full.

20      59.     At all times herein mentioned Government Code sections 12940 et seq. were in full

21  force and effect and were binding on defendants. These sections prohibit defendants from failing to

22  make reasonable accommodation for the known physical disability of an employee.

23      60.     Defendants failed and refused to make reasonable accommodation for the physical

24  disability of plaintiff, i.e. her pregnancy, in violation of Government Code section 12940.

25      61.     Within the time provided by law, plaintiff filed a complaint with the California

26  Department of Fair Employment and Housing, in full compliance with these sections, and received a

27                                          9 ·

28  Roberta Serrano v. G4S Secure      Complaint for Damages and Demand for Jury Trial
    Solutions (USA) Inc., et al.

1 │ right-to-sue letter, a copy of which is attached hereto as Exhibit 1.  Therefore, plaintiff has exhausted

2 │ her administrative remedies.

3 │     62.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

4 │ and continues to sustain substantial losses in earnings and other employment benefits.

5 │     63.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

6 │ and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum

7 │ according to proof.

8 │     64.    In doing the acts herein alleged, defendant acted with oppression and/or malice and in

9 │ conscious disregard of plaintiff' rights, and plaintiff seeks punitive and exemplary damages in an

10 │ amount according to proof.

11 │     65.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

12 │ which plaintiff seeks recovery.  Plaintiff is personally unaware of the exact amount of these expenses

13 │ and fees and prays leave of court to amend this complaint when the amounts are more fully known.

14 │ **EIGHTH CAUSE OF ACTION**

15 │ **(Violation of Government Code Sections 12940 et seq.)**

16 │ **(Failure to Accommodate Plaintiff - Interactive Process)**

17 │     66.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 65, as

18 │ applicable, as if set forth in full.

19 │     67.    At all times herein mentioned, Government Code sections 12940 et seq. were in full

20 │ force and effect and were binding on defendants.  These sections prohibit defendants from failing to

21 │ engage in a timely, good faith, interactive process with an employee to determine effective reasonable

22 │ accommodations.

23 │     68.    Defendants failed and refused to engage in a timely, good faith, interactive process with

24 │ plaintiff to determine effective reasonable accommodations for plaintiff's physical disability, i.e. her

25 │ pregnancy, in violation of Government Code section 12940.

26 │     69.    Within the time provided by law, plaintiff filed a complaint with the California

27 │

28 │

1  Department of Fair Employment and Housing, in full compliance with these sections, and received a

2  right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted

3  her administrative remedies.

4       70.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained

5  and continues to sustain substantial losses in earnings and other employment benefits.

6       71.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered

7  and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum

8  according to proof.

9       72.    In doing the acts herein alleged, defendant acted with oppression and/or malice and in

10  conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an

11  amount according to proof.

12       73.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for

13  which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses

14  and fees and prays leave of court to amend this complaint when the amounts are more fully known.

15                            **NINTH CAUSE OF ACTION**

16     **(Termination in Violation of Public Policy – California Constitution Article I, section 8)**

17       74.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 73, as

18  applicable, as if set forth in full.

19       75.    California Constitution Article I, section 8 provides in relevant part that "A person may

20  not be disqualified from entering or pursuing a business, profession, vocation, or employment because

21  of sex . . ."

22       76.    California Constitution Article I, section 8 embodies fundamental, substantial and well-

23  established public policies of the State of California.

24       77.    In discriminating against and discharging plaintiff because of her sex, defendants

25  violated the fundamental, substantial, and well-established public policies embodied in California

26  Constitution Article I, section 8.

27                            11

28  Roberta Serrano v. G4S Secure    Complaint for Damages and Demand for Jury Trial
    Solutions (USA) Inc., et al.

1    78.    As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained
2  and continues to sustain substantial losses in earnings and other employment benefits.

3    79.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered
4  and continues to suffer emotional distress, and mental pain and anguish, all to her damage in a sum
5  according to proof.

6    80.    In doing the acts herein alleged, defendant acted with oppression, fraud or malice and in
7  conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an
8  amount according to proof.

9    81.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees for
10  which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses
11  and fees and prays leaves of court to amend this complaint when the amounts are more fully known.

12                        **TENTH CAUSE OF ACTION**

13                  **(Intentional Infliction of Emotional Distress)**

14    82.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 81, as
15  applicable, as if set forth in full.

16    83.    Defendant's conduct as alleged herein was intentional and malicious and done for the
17  purpose of causing, or with reckless disregard of the probability of causing, plaintiff to suffer severe
18  emotional distress and mental pain and anguish, and was done with a wanton and reckless disregard of
19  the consequences to plaintiff.

20    84.    As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered
21  and continues to suffer severe emotional distress, and mental pain and anguish, all to her damage in a
22  sum according to proof.

23    85.    In doing the acts herein alleged, defendant acted with oppression, fraud or malice and in
24  conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an
25  amount according to proof.

26

27                                      12

28  Roberta Serrano v. G4S Secure        Complaint for Damages and Demand for Jury Trial
    Solutions (USA) Inc., et al.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief as follows:

1. For compensatory damages, including lost wages and employment benefits according to proof;

2. For mental and emotional distress damages;

3. For general and special damages as may be appropriate;

4. For an award of interest, including prejudgment interest, at the legal rate;

5. For all actual, consequential, and incidental losses and damages, according to proof;

6. For punitive and exemplary damages;

7. For an award of reasonable attorneys' fees;

8. For an award of reasonable attorneys' fees pursuant to California Government Code section 12965(b);

9. For costs of suit incurred herein; and,

10. For such other and further relief as the Court deems appropriate.

Dated: March 16, 2018      Law Offices of Brian E. Hawes

By: _____
Brian E. Hawes, Attorney for
Plaintiff Roberta Serrano

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the causes of action and claims asserted herein.

Dated: March 16, 2018      Law Offices of Brian E. Hawes

By: _____
Brian E. Hawes, Attorney for
Plaintiff Roberta Serrano

13

Roberta Serrano v. G4S Secure Complaint for Damages and Demand for Jury Trial
Solutions (USA) Inc., et al.

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

March 21, 2017

Roberta Serrano
246 Fair Oaks Avenue
Mountain View, California 94040

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 276607-279557
Right to Sue: Serrano / G4S Secure Solutions (USA) Inc.

Dear Roberta Serrano,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective March
21, 2017 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

**Enclosures**

cc:



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

March 15, 2018

Roberta Serrano
246 Fair Oaks Avenue
Mountain View, California 94040

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201803-01581016
      Right to Sue: Serrano / G4S Secure Solutions (USA) Inc.

Dear Roberta Serrano,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective March
15, 2018 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SANTA CLARA

## MINUTE ORDER

| | |
|---|---|
| Roberta Serrano vs G4S Secure Solutions (USA) Inc. | Hearing Start Time:  3:45 PM |
| 18CV325088 | Hearing Type:  Conference: Case Management |
| Date of Hearing:  06/26/2018 | Comments: |

Heard By:  Strickland, Elizabeth
Courtroom Reporter:

Location:  Department 6
Courtroom Clerk:  Diane Macias
Court Interpreter:
Court Investigator:

**Parties Present:**

**Future Hearings:**

Hawes, Brian E  Attorney
**Exhibits:**

-

Continued to 11/27/18 at 10 AM in Department 6 for further Case Management Conference.

# EXHIBIT C

1   ELVIRA CORTEZ (275626)
2   elvira.cortez@dinsmore.com
    DINSMORE & SHOHL LLP
3   655 West Broadway, Suite 800
    San Diego, CA 92101
4   Telephone: (619) 400-0500
    Facsimile: (619) 400-0501
5

6   Attorney for Defendant:
    G4S SECURE SOLUTIONS (USA) INC.
7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SANTA CLARA

10  ROBERTA SERRANO, an individual,        Case No.: 18CV325088

11          Plaintiff,

12  v.                                     ANSWER TO PLAINTIFF ROBERTA
                                           SERRANO'S UNVERIFIED COMPLAINT
13

14  G4S SECURE SOLUTIONS (USA) INC.; and   Judge:        Hon. Theodore Zayner
    DOES 1 to 100,                         Dept.:        6
15                                         Complaint Filed: March 16, 2018
            Defendants.
16

17

18                          **GENERAL DENIAL**

19          Pursuant to California Code of Civil Procedure § 431.30(d), Defendant G4S Secure

20  Solutions (USA), Inc. ("G4S") denies each and every, all and singular, generally and specifically,

21  the allegations contained in the Complaint and further specifically denies that Plaintiff has been

22  injured or damaged, or that G4S, or any agents or employees, committed any wrongful acts or

23  omissions that caused Plaintiff any injuries or damages whatever, or at all.

24                          **AFFIRMATIVE DEFENSES**

25                       **FIRST AFFIRMATIVE DEFENSE**

26                          **(Failure to State a Claim)**

27          G4S alleges that the Complaint, and each and all of its allegations, fail to state a claim

28  upon which relief can be granted.

DINSMORE &
SHOHL LLP
SAN DIEGO              ANSWER TO PLAINTIFF ROBERTA SERRANO'S UNVERIFIED COMPLAINT

1                             **SECOND AFFIRMATIVE DEFENSE**

2                                **("At-Will" Employment)**

3       G4S alleges that the Complaint, and each and all of its allegations, are barred either in

4 whole or in part because Plaintiff, at all times during her employment by G4S, was an "at-will"

5 employee as defined in California Labor Code Section 2922. As such, Plaintiff's employment

6 could be lawfully terminated at any time for any reason, or no reason at all.

7                               **THIRD AFFIRMATIVE DEFENSE**

8                            **(Legitimate Business Reason)**

9       G4S alleges that the Complaint, and each and all of its allegations, are barred because any

10 alleged actions or decisions by G4S taken with respect to Plaintiff's employment were undertaken

11 for legitimate, non-discriminatory and non-retaliatory reasons. In other words, any actions or

12 decisions of G4S taken with respect to Plaintiff were undertaken or made regardless of Plaintiff's

13 protected status under FEHA, or any other statute. Any alleged actions taken against Plaintiff

14 would have been taken notwithstanding Plaintiff's alleged protected status or protected action.

15                              **FOURTH AFFIRMATIVE DEFENSE**

16                             **(After-Acquired Evidence)**

17       G4S alleges that the Complaint, and each and all of its allegations, are barred by the

18 doctrine of after-acquired evidence.

19                              **FIFTH AFFIRMATIVE DEFENSE**

20                             **(Statute of Limitations)**

21       G4S alleges that the Complaint, and each and all of its allegations, are barred by the

22 applicable statute of limitations.

23                              **SIXTH AFFIRMATIVE DEFENSE**

24                         **(Failure to Mitigate Damages)**

25       G4S alleges that the Complaint, and each and all of its allegations, are barred in whole, or

26 in part, by Plaintiff's failure to mitigate damages.

27    / / /

28    / / /

2.

**ANSWER TO PLAINTIFF ROBERTA SERRANO'S UNVERIFIED COMPLAINT**

1    **SEVENTH AFFIRMATIVE DEFENSE**

2    **(Punitive Damages)**

3    G4S alleges that the Complaint fails to state facts sufficient to support an award of

4    punitive damages against G4S.

5    **EIGHTH AFFIRMATIVE DEFENSE**

6    **(Labor Management Relations Act)**

7    G4S alleges that the Complaint, and each and all of its allegations, are barred by the by

8    section 301 of the Labor Management Relations Act.

9    **NINTH AFFIRMATIVE DEFENSE**

10   **(Ellerth/Faragher Defense)**

11   G4S alleges that the Complaint, and each and all of its allegations, are barred because

12   Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities

13   provided by his employer or to otherwise avoid harm. (*See Faragher v. City of Boca Raton*

14   (1998) 524 U.S. 775; *see also Burlington Industries, Inc. v. Ellerth* (1998) 524 U.S. 742.)

15   **TENTH AFFIRMATIVE DEFENSE**

16   **(Setoff)**

17   Plaintiff's damages, if any, must be reduced to the extent G4S has valid claims that can be

18   set off against amounts due Plaintiff, if any.

19   **ELEVENTH AFFIRMATIVE DEFENSE**

20   **(Defendant Exercised Reasonable Care to Prevent Harassment and Discrimination)**

21   G4S alleges that the Complaint, and each and all of its allegations, are barred because G4S

22   exercised reasonable care to prevent and promptly correct the discriminatory and/or harassing

23   behavior.

24   **TWELFTH AFFIRMATIVE DEFENSE**

25   **(Proper Exercise of Management's Discretion)**

26   G4S alleges that the Complaint, and each and all of its allegations, are barred because any

27   and all conduct of which Plaintiff complains and which is attributed to G4S or its agents or

28   employees was a just and proper exercise of management's discretion on the part of G4S, its

3.

1  agents or employees, and was undertaken for a fair and honest reason and regulated by good faith

2  and probable cause under the circumstances existing at all times mentioned in Plaintiff's

3  Complaint.

4  ### THIRTEENTH AFFIRMATIVE DEFENSE

5  ### (Doctrine of Avoidable Consequences)

6  G4S alleges that the Complaint, and each and all of its allegations, are barred under the

7  doctrine of avoidable consequences.

8  ### FOURTEENTH AFFIRMATIVE DEFENSE

9  ### (Good Faith)

10  As G4S alleges that the Complaint, and each and all of its allegations, are barred because

11  any actions or omissions alleged in the Complaint were taken in good faith, in conformity with

12  and in reliance on any written administrative regulation, order, ruling, approval, or interpretation

13  of federal and California law, or any administrative practice or enforcement policy with respect to

14  the class of employees to which he belonged.

15  ### FIFTEENTH AFFIRMATIVE DEFENSE

16  ### (Third-Party Negligence)

17  Plaintiff's injuries, if any, were proximately caused, in whole or in part, by the negligence

18  of third parties over which G4S had no control.

19  ### SIXTEENTH AFFIRMATIVE DEFENSE

20  ### (Equitable Estoppel)

21  Plaintiff is precluded from the relief she seeks in the Complaint by virtue of the equitable

22  doctrine of estoppel.

23  ### SEVENTEENTH AFFIRMATIVE DEFENSE

24  ### (Doctrine of Laches)

25  G4S alleges that the Complaint, and each and all of its allegations, are barred under the

26  doctrine of laches.

27  ///

28  ///

4.

1                              **EIGHTEENTH AFFIRMATIVE DEFENSE**

2                                              **(Consent)**

3          G4S alleges that the Complaint, and each and all of its allegations, are barred because

4     Plaintiff consented to any and all acts or omissions on the part of G4S, if there were any.

5

6                              **NINETEENTH AFFIRMATIVE DEFENSE**

7                                              **(Waiver)**

8          G4S alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a

9     waiver of any alleged breach of duty, negligent act, omission or any other conduct, if any, as set

10    forth in the Complaint.

11

12                              **TWENTIETH AFFIRMATIVE DEFENSE**

13                                          **(Mixed-Motive)**

14         G4S alleges that even in the absence of the alleged discrimination, harassment, and/or

15    retaliation, legitimate, nondiscriminatory reasons would have led to Plaintiff's alleged

16    termination.

17                            **TWENTY-FIRST AFFIRMATIVE DEFENSE**

18                                    **(Accord and Satisfaction)**

19         G4S alleges that any sum of money claimed to be due to Plaintiff has been extinguished

20    by application of accord and satisfaction.

21                            **TWENTY-SECOND AFFIRMATIVE DEFENSE**

22                                      **(Breach of Contract)**

23         G4S alleges that the Complaint, and each and all of its allegations, are barred because

24    Plaintiff breached her contract, if any, with G4S, and by reason of such breach of contract, G4S

25    has been excused of any duty it may have had to perform any obligation set forth in any

26    agreement with Plaintiff, if there is such an agreement.

27    / / /

28    / / /

                                                    5.

1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

2

### (Release)

3

G4S alleges that Plaintiff's actions constituted a full release by Plaintiff.

4

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

5

### (Ratification of Acts)

6

Plaintiff, by her acts, conduct and/or omissions, has ratified the acts, conduct and

7

omissions, if any, of G4S; therefore, Plaintiff is barred from seeking any relief from G4S.

8

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

9

### (Shortened Statute of Limitations)

10

G4S alleges that Plaintiff agreed to shorten the statute of limitations through her

11

employment application.

12

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

13

### (Uncertainty)

14

G4S alleges that the Complaint, and each and all of its allegations, are uncertain and

15

ambiguous as to Plaintiff's claim for damages against G4S.

16

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

17

### (Receipt of All Sums and Benefits)

18

G4S alleges that Plaintiff has been paid and/or received all sums and benefits due to her

19

by virtue of Plaintiff's employment.

20

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

21

### (Waiver of Jury Trial)

22

G4S alleges that Plaintiff waived her right to a jury trial through her employment

23

application.

24

## TWENTY-NINTH AFFIRMATIVE DEFENSE

25

### (Unstated Affirmative Defenses)

26

G4S alleges that at this time it has insufficient knowledge or information on which to form

27

a belief as to whether it may have additional, as yet unstated, affirmative defenses available. G4S,

28

therefore, reserves the right to assert additional affirmative defenses in the event that discovery

6.

1    indicates that they would be appropriate.

2         WHEREFORE, G4S prays for judgment against Plaintiff, as follows:

3         1.      Judgment dismissing Plaintiff's Complaint as to G4S with prejudice;

4         2.      Judgment awarding G4S attorneys' fees and costs pursuant to contract and any

5    applicable statute; and

6         3.      Judgment awarding G4S any additional relief that the Court deems just and proper.

7

8

9    DATED:       September 19, 2018              DINSMORE & SHOHL LLP

10

11

12                                     By:      Elvira Cortez (225626)
                                                Attorney for Defendant
13                                              G4S SECURE SOLUTIONS (USA) INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          7.

1   ELVIRA CORTEZ (SBN 275626)
    elvira.cortez@dinsmore.com
2   DINSMORE & SHOHL LLP
    655 West Broadway, Suite 800
3   San Diego, CA  92101
    Ph:  (619) 356-3518 / Fx:  (619) 615-2082
4
    Attorney for Defendant
5   G4S Secure Solutions (USA), Inc.

6

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9        **COUNTY OF SANTA CLARA – UNLIMITED JURISDICTION**

10  ROBERTA SERRANO, an individual,        Case No. 18CV325088

11               Plaintiff,                **PROOF OF SERVICE**

12  v.
                                           Judge:              Hon. Theodore Zayner
13  G4S SECURE SOLUTIONS (USA) INC.; and   Department:         6
    DOES 1 to 100,                         Complaint Filed:    March 16, 2018
14
                 Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    1.
                            **PROOF OF SERVICE**

1

**PROOF OF SERVICE**

2    I am a citizen of the United States and a resident of the State of California. I am

3 employed in San Diego County, State of California. I am over the age of 18 years, and not a

4 party to the within action. My business address is Dinsmore & Shohl LLP, 655 West

5 Broadway, Suite 800, San Diego, California 92101. On September 19, 2018, I served the

6 following documents on the parties listed below in the manner(s) indicated:

7    • **ANSWER TO PLAINTIFF ROBERTA SERRANO'S UNVERIFIED**
       **COMPLAINT**
8

9    ☒   (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the
           business practice of Dinsmore & Shohl LLP for collection and processing of
10          correspondence for mailing with the United States Postal Service, and I caused
           such envelope(s) with postage thereon fully prepaid to be placed in the United
11          States Postal Service at San Diego, California.

12   ☐   (BY MESSENGER SERVICE – CCP § 1011) I consigned the document(s) to an
           authorized courier and/or process server for hand delivery on this date.

13   ☐   (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the
           business practice of Dinsmore & Shohl LLP for collection and processing of
14          document(s) to be transmitted by facsimile and I caused such document(s) on this
           date to be transmitted by facsimile to the offices of addressee(s) at the numbers
15          listed below.

16   ☐   (BY OVERNIGHT MAIL – CCP § 1013(c)) I am personally and readily familiar
           with the business practice of Dinsmore & Shohl LLP for collection and
17          processing of correspondence for overnight delivery, and I caused such
18          document(s) described herein to be deposited for delivery to a facility regularly
           maintained by Federal Express for overnight delivery.

19   ☐   (BY ELECTRONIC MAIL – CCP § 1010.6(a)(6)) Based on a court order or an
           agreement of the parties to accept service by e-mail or electronic transmission, I
20          caused such documents described herein to be sent to the persons at the e-mail
21          addresses listed below at approximately ____.  I did not receive, within a
           reasonable time after the transmission, any electronic message or other indication
22          that the transmission was unsuccessful.

23 Brian E. Hawes (SBN 104519)
   Law Offices of Brian E. Hawes
24 1900 S. Norfolk St., Ste. 350
   San Mateo, CA 94403
25 Phone: (650) 320-1616
   Fax: (650) 763-8745
26
   *Attorney for Plaintiff* ROBERTA SERRANO
27

28

2.

1      I declare under penalty of perjury under the laws of the State of California that the above

2 is true and correct.

3      Executed on September 19, 2018, at San Diego, California.

4

5                                 _____

6                                       Stephanie Y. Carter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.

# EXHIBIT D

1  ELVIRA CORTEZ (SBN# 275626)
   elivira.cortez@dinsmore.com
2  DINSMORE & SHOHL LLP
   655 West Broadway, Suite 840
3  San Diego, California 92101
   Telephone: (619) 356-3518
4  Facsimile: (619) 615-2082
5
   Attorney for Defendant
6  G4S SECURE SOLUTIONS (USA), INC.
7
                    UNITED STATES DISTRICT COURT
8          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
9

| 10 | ROBERTA SERRANO, an individual, | CASE NO. |
| 11 | Plaintiff, | (Santa Clara Superior Court, Case No.: 18CV325088) |
| 12 | v. | **DECLARATION OF ESMERALDA GARCIA** |
| 13 | G4S SECURE SOLUTIONS (USA) INC.; and DOES 1 to 100, | **IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28** |
| 14 | | **U.S.C. §§ 1332, 1441(a) AND (b), AND** |
| 15 | Defendants. | **1446(b)(3) (DIVERSITY OF CITIZENSHIP); EXHIBITS THERETO** |
| 16 | | (Filed Concurrently with Notice of Removal and Declaration of Elvira Cortez) |
| 17 | | |

18      I, Esmeralda Garcia, declare as follows:

19      1.      I am employed as a Human Resources Manager at G4S Secure Solutions (USA),

20  Inc. herein. The facts set forth herein are of my own personal knowledge, and if sworn I could and

21  would competently testify thereto.

22      2.      I submit this declaration in support of Defendant G4S's Notice of Removal in Civil

23  Action to United States District Court.

24      3.      Due to my tenure and position at G4S, I possess knowledge regarding the

25  company's business operations, its corporate structure and hierarchy, and the general functions of

26  its locations throughout the country.

27

28

─────────────────────────────────────────────
DECLARATION OF ESMERALDA GARCIA IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

1       4.     I have reviewed and am familiar with the contents of G4S's articles of

2  incorporation. G4S was incorporated under the laws of the State of Florida and at all times

3  alleged in the Complaint it has been a corporation incorporated under and by virtue of the laws of

4  the State of Florida.

5       5.     G4S's headquarters are located at 1395 University Boulevard, Jupiter, Florida

6  33458. My position in based in that office, and I have met there with G4S's high level officers.

7       6.     G4S's high level officers direct, control, and coordinate its operations and activities

8  from the corporate headquarters in Jupiter, Florida. These officers include the President, Chief

9  Operating Officer, Chief Human Resources Officer, General Counsel, and Chief Financial Officer.

10      7.     Plaintiff earned \$27.23/hour during her employment with G4S working an average

11  of 40 hours per week.

12      I declare under penalty of perjury under the laws of the United States of America that the

13  foregoing is true and correct and that this declaration was executed on September 5, 2018, at San

14  Jose, California.

 

 

                            Esmeralda Garcia